CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 02 2020

JULIA C. DUDLEY, CLERK
BY: A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JERRY ALAN VASS, )
)
    Plaintiff, ) Civil Action No. 7:19-cv-00238
)
v. ) **MEMORANDUM OPINION**
)
ANDREW SAUL, ) By: Hon. Glen E. Conrad
Commissioner of Social Security, ) Senior United States District Judge
)
    Defendant. )

    Plaintiff Jerry Alan Vass filed this action challenging the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and his claim for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1381(c)(3).

    The court previously referred this case to a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Standing Order 2019-6. On August 17, 2020, the magistrate judge submitted a report in which he recommends that the court affirm the Commissioner's final decision. Mr. Vass has filed objections to the magistrate judge's report, and the time allotted for the Commissioner to respond has expired, making the matter ripe for the court's consideration.

    The court is charged with performing a de novo review of the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1)(B). In the instant case, the court's review is limited to a determination as to whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

Mr. Vass was born on January 1, 1980, and eventually completed his high school education. (R. 136, 502.) He has previously worked as a mechanic, construction worker, pipefitter, and welder. (R. 169–70.) On February 4, 2015, Mr. Vass protectively filed applications for disability insurance benefits and supplemental security income benefits. (R. 436.) In filing his current claims, Mr. Vass alleged that he became disabled for all forms of substantial gainful employment on September 15, 2013, due to back problems, neck pain, and gastroesophageal reflux disease. (R. 438, 445, 501.) He later amended the alleged onset date to November 1, 2014. (R. 131.) Mr. Vass now maintains that he has remained disabled to the present time. With respect to his application for disability insurance benefits, the record reflects that Mr. Vass met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. (R. 81.)

Mr. Vass's applications were denied upon initial consideration and reconsideration. (R. 79.) He then requested and received a de novo hearing and review before an Administrative Law Judge ("Law Judge" or "ALJ"). (R. 79, 128–78.) In an opinion dated March 21, 2018, the Law Judge also determined, after applying the five-step sequential evaluation process, that Mr. Vass is not entitled to benefits under Title II or Title XVI. See 20 C.F.R. §§ 404.1520 and 416.920.[1] The Law Judge found that Mr. Vass suffers from severe impairments, including "degenerative disc disease status post fusion surgery to the cervical spine and chronic obstructive pulmonary disease," but that these impairments do not, either individually or in combination, meet or medically equal the requirements of a listed impairment. (R. 82–83.) The Law Judge then assessed Mr. Vass's residual functional capacity as follows:

---

[1] The applicable evaluation process requires the Law Judge to consider, in sequence, whether a claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and (5) if not, whether he can perform other work in the national economy. 20 C.F.R. §§404.1520(a)(4) and 416.920(a)(4). "The claimant has the burden of proof for the first four steps, but at the final, fifth step the Commissioner bears the burden to prove that the claimant is able to perform alternative work." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015).

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). However, he is limited to frequent crawling, crouching, and kneeling; occasional reaching overhead with the upper extremities, balancing, stooping, and climbing ramps and stairs; and no climbing of ladders, ropes, or scaffolds. He cannot work around extremes of cold, vibration, respiratory irritants, or hazards.

(R. 83.) Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Mr. Vass is unable to perform any of his past relevant work. (R. 85.) However, the Law Judge found that Mr. Vass retains sufficient functional capacity to perform other work roles existing in significant number in the national economy. (R. 86.) Accordingly, the Law Judge concluded that Mr. Vass is not disabled and that he is not entitled to benefits under either federal program. See generally 20 C.F.R. §§ 404.1520(g) and 416.920(g). Thereafter, the Appeals Council denied Mr. Vass's request for review on the basis of new evidence and adopted the Law Judge's opinion as the final decision of the Commissioner. (R. 1.) Having exhausted all available administrative remedies, Mr. Vass has now appealed to this court.

As previously noted, the court referred the case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court affirm the final decision of the Commissioner denying the plaintiff's claims under both federal programs. Succinctly stated, the magistrate judge determined that substantial evidence supports the Law Judge's decision in all relevant respects and that the Appeals Council did not err in denying Mr. Vass's request for review.

In his objections to the report and recommendation, Mr. Vass argues, among other points, that the Law Judge failed to adequately assess his subjective complaints of pain and related limitations, and that the Law Judge erred in determining his residual functional capacity ("RFC"). After reviewing the record and considering the parties' arguments, the court finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g).

The record reveals that Mr. Vass has a lengthy history of treatment for back and neck pain. MRI studies performed in 2014 revealed disc disease throughout the cervical spine, foraminal encroachment at each cervical level, mild degenerative changes throughout the lumbar spine, and moderate degenerative changes throughout the lower lumbar levels. (R. 686–87.) Mr. Vass was diagnosed with degenerative disc disease, lumbago, lumbar radiculopathy, and myalgia. (Tr. 572–73.) In January of 2015, he began receiving regular treatment at Pain Centers of the Blue Ridge. (R. 740.) The diagnostic assessment there included cervical and lumbar degenerative disc disease/spondylosis, cervicothoracic pain, chronic lumbar pain, upper and lower extremity pain, and chronic pain syndrome. (R. 740.) Mr. Vass was treated with a number of prescription pain medications, including Oxycodone, Gabapentin, Amitriptyline, and Mobic. (R. 741, 743–44.) However, he continued to struggle with pain despite being prescribed high dosages of such medications. (R. 888.) Mr. Vass ultimately elected to proceed with surgical treatment. (R. 794.)

On August 11, 2016, Dr. Johnathan Carmouche performed several operative procedures, including an anterior cervical discectomy and resection of posterior longitudinal ligament and spinal cord decompression at C3–4 and C5–6. (R. 961.) Approximately two months later, Mr. Vass sought emergency treatment for neck pain following an alleged assault. (R. 993.) At a follow-up examination in December of 2016, he continued to have "significant cervical and bilateral arm pain." (R. 900.) He also reported experiencing numbness and tingling in both arms and hands, as well as radiating pain in his lower back. (R. 897.) A cervical x-ray revealed no evidence of an acute fracture or dislocation, but a lumbar spine MRI showed multilevel disc degeneration and foraminal disc herniation at L5–S1. (R. 900.) Mr. Vass continued to complain of constant and severe pain in August of 2017, when he returned for a post-operative follow-up appointment. (R. 1081.) X-rays of the cervical spine showed disc space loss at C7–T1, and the diagnostic assessment included cervical degenerative disc disease and cervical radiculopathy due to stenosis. (R. 1085.)

During the administrative hearing on October 24, 2017, Mr. Vass testified to ongoing back and neck pain that affects his ability to stand. (R. 149.) He explained that he constantly alternates between standing and sitting in an effort to alleviate the discomfort. (R. 149–51.) Mr. Vass further testified that he has difficulty using his hands as a result of numbness and that he sometimes has to rest during the day. (R. 151, 157.)

In assessing Mr. Vass's physical pain and numbness as part of the RFC determination, the Law Judge found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 84.) However, the Law Judge determined that Mr. Vass's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (R. 84.) In particular, the Law Judge found that "neither the objective findings in evidence nor the claimant's continuing activities support the severity of his current alleged symptoms." (R. 85.)

When a Law Judge assesses the credibility of a claimant's statements about pain and related functional limitations, the Law Judge is supposed to consider whether there are any conflicts or inconsistencies in the evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). Significantly, however, the Law Judge "must build an accurate and logical bridge from the evidence to his conclusion that [the claimant's] testimony was not credible." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 269 (4th Cir. 2017) (alteration in original) (internal quotation marks and citations omitted). In Brown, the United States Court of Appeals for the Fourth Circuit remanded a case in part because the Law Judge listed a claimant's daily activities but did not acknowledge the limited extent to which they were performed or explain how the activities showed that the claimant was capable of full-time employment. Id. at 269-71. Upon review of the record, the court concludes that the Law Judge committed the same error in this case.

In support of the adverse credibility determination, the Law Judge first found that Mr. Vass's allegations regarding the disabling effects of his back and neck pain were inconsistent with his testimony regarding certain activities—namely, hunting and fishing. (R. 84.) The Law Judge noted that such activities generally "require exertional effort" and that Mr. Vass "specifically indicated that he had hunted 10 times last year, evidencing the ability to perform, at a minimum, light work." (R. 84.) As was true in Brown, however, the Law Judge "did not acknowledge the limited extent of those activities as described by [the claimant] or explain how those activities showed that he could sustain a full-time job." 873 F.3d at 269; see also Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("An ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them.") (citing Brown, supra). For instance, Mr. Vass testified that he is unable to hunt as often as he could in the past, that he no longer has the physical capacity to bow hunt, and that he cannot perform other hunting tasks, such as retrieval, without assistance from others. (R. 159–60, 167.) Similarly, Mr. Vass testified that he only fished twice within the previous year, that he is not comfortable boat fishing or bank fishing, and that he "won't get on a boat unless [he has] somebody with [him]." (R. 160, 167.)

The court agrees with Mr. Vass that the Law Judge's assessment of his reported activities does not comport with existing precedent. The Law Judge did not address the limited extent to which Mr. Vass engaged in hunting and fishing, or explain how the sporadic activities translate into the ability to perform light work. Mr. Vass correctly emphasizes that light work typically requires "a good deal of walking or standing," 20 C.F.R. §§ 404.1567(b) and 416.967(b), and the Law Judge did not elicit any details about Mr. Vass's hunting and fishing activities that would support an ability to perform light work on a sustained basis. Thus, the Law Judge did not "build an accurate and logical bridge" between Mr. Vass's descriptions of these activities and the conclusion that they undermine his disability claims. Brown, 873 F.3d at 269 (internal quotation marks and citation omitted); see also

Carradine v. Barnhart, 360 F.3d 751, 755 (7th Cir. 2004) (concluding that the Law Judge improperly "failed to consider the difference between a person's being able to engage in sporadic physical activities and her being able to work eight hours a day five consecutive days of the week"); Ross v. Apfel, 218 F.3d 844, 849 (8th Cir. 2000) (emphasizing that an "ability to perform sporadic light activities does not mean that the claimant is able to perform full time competitive work"); Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997) (holding that "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability); Smith v. Califano, 637 F.2d 968, 971 (3d Cir. 1981) (noting that "two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days").

The court is also constrained to conclude that the Law Judge improperly failed to address clinical findings that could support Mr. Vass's allegations of pain and associated limitations. See Lewis v. Berryhill, 858 F.3d 868, 869 (4th Cir. 2017) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (internal quotation marks and citation omitted). For instance, the Law Judge cited to records from 2014 through 2016 indicating that Mr. Vass exhibited a stable gait, intact motor function, and full strength in most muscle groups. (R. 84.) However, other records from the same period indicate that Mr. Vass had an abnormal and antalgic gait, that his lumbosacral spine exhibited tenderness on palpation and muscle spasms, that straight-leg raising tests were positive at times, that he had limited passive motion and pain with extension, that a lumbar facet loading test was positive bilaterally, and that he exhibited reduced range of motion in his cervical spine and upper extremity weakness. (R. 608, 613, 618, 710, 714, 718, 720, 742, 745–47, 749–52, 794, 838, 841, 864, 882–94, 1010.) Four months after undergoing surgery, Mr. Vass was found to still have "significant cervical and bilateral arm pain." (R. 900.) Likewise, he continued to complain of pain and numbness at his one-year follow-up examination on August 30, 2017. (R.

7

1081.) Examination notes from that visit indicate that Mr. Vass appeared to be in distress, that range of motion testing of the cervical spine elicited complaints of discomfort, and that Mr. Vass exhibited lower back pain with flexion and extension. (R. 1084.) Pain management records from that same year also indicate that Mr. Vass exhibited tenderness and reduced range of motion in his cervical spine, in addition to lumbar spine tenderness. (R. 937–42.)

The court recognizes that it is the Law Judge's responsibility to weigh the medical evidence, resolve conflicts in the evidence, and decide questions of credibility. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). However, because the Law Judge did not address any of the clinical findings summarized above, the court is unable to meaningfully review his determination that the objective evidence does not support the severity of Mr. Vass's alleged symptoms. See, e.g., Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) ("Given the depth and ambivalence of the medical record, the ALJ's failure to adequately explain his reasoning precludes this Court and the district court from undertaking a meaningful review of [the ALJ's findings].") (internal quotation marks and citation omitted); Rademaker v. Saul, No. 1:20-cv-00036, 2020 U.S. Dist. LEXIS 169505, at *41 (N.D. Ohio Sept. 16, 2020) ("It is well established there is no requirement that the ALJ discuss each piece of evidence or limitation considered. However, courts have not hesitated to remand where an ALJ selectively includes only those portions of the medical evidence that places a claimant in a capable light, and fails to acknowledge evidence that potentially supports a finding of disability.") (citations omitted).

In short, the court is unable to conclude that the Law Judge applied correct legal standards in evaluating Mr. Vass's subjective allegations of pain and associated limitations, or that the Law Judge's credibility determination is supported by substantial evidence. Without an adequate assessment of Mr. Vass's subjective complaints, the court is also unable to determine whether substantial evidence supports the Law Judge's assessment of Mr. Vass's residual functional capacity.

See Carlos E. v. Saul, No. 7:18-cv-00337, 2019 U.S. Dist. LEXIS 158382, at *18 (W.D. Va. Sept. 17, 2019) ("As discussed above, on de novo review of the ALJ decision, the court finds that the ALJ did not provide a sufficient basis for the court to conclude that the ALJ properly considered Carlos's subjective complaints. Without a proper assessment of Carlos's subjective complaints, the court cannot determine whether substantial evidence supports the ALJ's assessment of his RFC.").

For the reasons stated, the court finds good cause to remand this case to the Commissioner for further development and consideration.[2] If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send copies of this memorandum opinion to all counsel of record.

DATED: This 2nd day of October, 2020.

*[signature]*

Senior United States District Judge

---

[2] In light of the court's decision to remand the case to the Commissioner, the court finds it unnecessary to address Mr. Vass's remaining claims of error, including his assertion that the Appeals Council erred in denying his request for review on the basis of new evidence. On remand, Mr. Vass "will have an opportunity to present argument to the ALJ concerning the new evidence that is now part of the record." Ledford v. Barnhart, 197 F. App'x 808, 812 (10th Cir. 2006) (finding a similar argument to be moot in light of the decision to remand the case to the Commissioner for additional proceedings); see also Carlos E., 2019 U.S. Dist. LEXIS 158382, at *21 (finding it unnecessary to address new evidence submitted to the Appeal Council in light of the decision to remand the case on other grounds). In any event, the court notes that the new evidence indicates that Mr. Vass continued to seek treatment for pain and upper extremity weakness, and that he was found to have decreased range of motion in his cervical spine and shoulders, as well as a limited gait due to pain. (R. 9, 13.)

9